UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:

Albirio D. Mirabal and
Teri L. Mirabal,

        Debtors.

Case No. 23-10862-t7
Chapter 7

Hank Vigil and,
Margaret Vigil

        Plaintiffs,

v.

Albirio D. Mirabal and,
Teri L. Mirabal,

        Defendants.

Adversary No. 24-1028

## Opinion

In this adversary proceeding Plaintiffs seek a judgment that their claim against Defendants is nondischargeable under the fraud exception of § 523(a)(2).[1] Before the Court is Defendants' Rule[2] 12(b)(6)[3] motion to dismiss the proceeding because it was filed after the Bankruptcy Rule 4007(c) deadline to file § 523(a)(2) claims. Plaintiffs object; they argue that the deadline was extended by a stipulated order and that they filed their complaint within the

---

[1] All statutory references are to Title 11 of the United States Code unless otherwise indicated.
[2] "Rule" means a Federal Rule of Civil Procedure,
[3] Fed. R. Civ. P. 12 is made applicable to this proceeding by Fed. R. Bankr. P. ("Bankruptcy Rule") 7012.

extended deadline. The matter has been fully briefed. The Court finds that Rule 12(b)(6) does not give Defendants the right to dismiss this proceeding. The Court will deny the motion but does not rule on the merits of the timeliness issue for the reasons set forth below.

A. <u>Facts</u>.

For the limited purpose of ruling on Defendants' Rule 12(b)(6) motion to dismiss, the Court accepts the following allegations as true:[4,5]

Defendants filed this case as a Chapter 13 case on September 29, 2023. At Defendants' request, the case was converted to Chapter 7 on May 21, 2024, and Yvette Gonzales ("Trustee") was appointed the chapter 7 trustee. The Bankruptcy Court Clerk's office set the § 341(a) creditors' meeting for June 21, 2024.

The deadline to file actions to determine the dischargeability of certain debts was August 20, 2024. *See* Fed. R. Bankr. P. 4007(c) ("a complaint to

---

[4] In construing the complaint, the Court presents the allegations in the manner most favorable to Plaintiffs. *See Davis v. McCollum,* 798 F.3d 1317, 1319 n. 2 (10th Cir. 2015).

[5] The Court took judicial notice of the relevant docket entries in the main case and this adversary proceeding. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.,* 605 F.2d 1169, 1172 (10th Cir. 1979) (a court may *sua sponte* take judicial notice of its docket). When entertaining a motion to dismiss, the Court is permitted "to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Van Woudenberg v. Gibson,* 211 F.3d 560, 568 (10th Cir. 2000), *abrogated on other grounds* by *McGregor v. Gibson,* 248 F.3d 946, 955 (10th Cir. 2001).

determine whether a debt is dischargeable under § 523(c) must be filed within 60 days after the first date set for the § 341(a) meeting of creditors").

The Trustee commenced the § 341 meeting of creditors on June 21, 2024. She continued the meeting to August 14, 2024, continued it again to August 23, 2024, and continued it a third time on September 23, 2024.

At the August 23, 2024, meeting, the Trustee stated she would "do a little stipulated order that says creditors have 30 days from the conclusion of the creditors' meeting to object to discharge." The third continued meeting was held and concluded on September 23, 2024.

On September 13, 2024, the Court entered a stipulated order (the "Stipulated Order") signed by the Trustee, the Debtors, and their attorney. It states in part:

> At the creditor meeting held on August 23, 2024, the debtors and their attorney confirmed on the record that the deadline for objecting to discharge would be extended for thirty (30) days after the conclusion of the meeting of creditors.
> IT IS THEREFORE ORDERED that the deadline to file objections to the discharge of the debtors is extended to thirty (30) days after the conclusion of the meeting of creditors.

Plaintiffs filed this adversary proceeding on October 23, 2024.

B.  Rule 12(b)(6) Standards.

Rule 12(b)(6) allows the Court to dismiss a complaint for "failure to state a claim upon which relief can be granted." "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint

after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). The sufficiency of a complaint is a question of law, and when considering and addressing a Rule 12(b)(6) motion, the Court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. *Genesee County Employees' Retirement System v. Thornburg Mortgage Securities Trust 2006-3*, 825 F. Supp. 2d 1082, 1120-21 (D.N.M. 2011), citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Legal conclusions cast in the form of factual allegations need not be taken as true for Rule 12(b)(6) purposes. *See Ashcroft v. Iqbal,* 556 U.S. 662 ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").

When entertaining a motion to dismiss, a court may consider any documents to which the complaint refers, provided the documents are central to the plaintiff's claim and the parties do not dispute their authenticity. *See Jacobsen v. Deseret Book Co.,* 287 F.3d 936, 941-942 (10th Cir. 2002).

C. <u>Deadline to Object to Dischargeability of Certain Debts</u>.

Bankruptcy Rule 4007(c) establishes a deadline of 60 days after the first date set for the creditors' § 341 meeting for filing complaints objecting under § 523(a)(2), to the discharge of a debt. Likewise, Bankruptcy Rule 4004(a)

-4-

establishes a deadline of 60 days after the first date set for the § 341 meeting to file complaints objecting to the Debtor's discharge. "These rules are analogous to statutes of limitations and are strictly construed." *KBHS Broadcasting Co., Inc., v. Sanders (In re Bozeman),* 226 B.R. 627 630 (8th Cir. BAP 1998).

D. <u>Statute of Limitations and Rule 12(b)(6)</u>.

"Although the statute of limitations is an affirmative defense, it may be resolved on a Rule 12(b)(6) motion to dismiss 'when the dates given in the complaint make clear that the right sued upon has been extinguished.'" *Cosgrove v. Kansas Dept. of Social and Rehabilitation Services,* 332 Fed. App'x. 463, 465 (10th Cir. 2009), citing *Aldrich v. McCulloch Props., Inc.,* 627 F.2d 1036, 1041 n.4 (10th Cir. 1980); *see also Glass v. Respected Roots, LLC,* 2023 WL 11956156, *2 (N.D. Ga) ("A Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claims is time-barred because a statute of limitations bar is an affirmative defense, and plaintiffs are not required to negate an affirmative defense in their complaint.") (citing cases).

Dismissal under Rule 12(b)(6) is proper based on statute of limitations only when the complaint admits all the elements of the affirmative defense. *Fernandez v. Clean House, LLC,* 883 F.2d 1296, 1299 (10th Cir. 2018) (dismissal appropriate only when complaint itself admits all the elements of the

-5-

Case 24-01028    Doc 17    Filed 06/02/25    Entered 06/02/25 14:53:10    Page 5 of 7

affirmative defense), citing *Xechem, Inc. v. Bristol-Myers Squibb Co.,* 372 F.3d 899, 901 (7th Cir. 2004) ("Only when the plaintiff pleads itself out of court—that is, admits all the ingredients of an impenetrable defense—may a complaint that otherwise states a claim be dismissed under Rule 12(b)(6)"); *Bistline v. Parker,* 918 F.3d 849, 876 (10th Cir. 2019) ("[I]t is only proper to dismiss a complaint based on an affirmative defense when the complaint itself admits all the elements of the affirmative defense"); *see also Scott v. Cary,* 829 Fed. App'x. 334, 337 (10th Cir. 2020) (same); *Rivero v. Board of Regents of University of New Mexico,* 950 F.3d 754, 760 (10th Cir. 2020) (same).

E.  Plaintiffs' Complaint Does Not Mention the Filing Deadline.

Plaintiffs' complaint, which is slightly longer than 2 pages, does not mention the deadline in Bankruptcy Rule in 4007(c). For Rule 12(b)(6) to be appropriate for dismissal on statute of limitations grounds, Plaintiffs essentially would have had to plead in the Complaint that the Complaint was filed out of time. They did not. Plaintiffs did not "plead [themselves] out of the limitations issue. If Defendants have a good statute of limitations defense to Plaintiff's nondischargeability action – and the Court does not rule on the issue herein – Rule 12(b)(6) cannot be used to vindicate the defense through dismissal at the pleading stage. Defendants should plead their affirmative defenses in their answer and defend in the normal course of civil and bankruptcy procedure.

## CONCLUSION

The Motion will be denied by separate Order.

*Dale L. Somers*
Hon. Dale L. Somers
United States Bankruptcy Judge

Copies to: Counsel of record