

*Dale L. Somers*

**The Honorable Dale L. Somers**
**United States Bankruptcy Judge**

---

*Designated for Online Publication Only*

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| In re:<br><br>Albirio D. Mirabal and<br>Teri L. Mirabal,<br><br>    Debtors. | Case No. 23-10862<br>Chapter 7 |
| Hank Vigil and<br>Margaret Vigil,<br><br>    Plaintiffs,<br><br>v.<br><br>Albirio D. Mirabal and<br>Teri L. Mirabal,<br><br>    Defendants. | Adversary No. 24-1028 |

## Memorandum Opinion and Order Granting Summary Judgment and Dismissing Adversary Proceeding

Creditors Hank and Margaret Vigil (the "Vigils") filed this § 523(a)(2)[1] nondischargeability adversary proceeding on October 23, 2024. Under Bankruptcy Rule 4007(c), the deadline for creditors to file a § 523(a)(2) nondischargeability adversary proceeding was August 20, 2024. In an agreed order (the "Agreed Order"), the Chapter 7 Trustee, Yvette G. Gonzales (the "Trustee"), and the Defendants, Debtors Albirio and Teri Mirabal (the "Debtors"), agreed to extend "the deadline to file objections to the discharge" until October 28, 2024. The Vigils were not signatories to the order.

Debtors move for summary judgment, asking the Court to dismiss this proceeding as untimely filed. They argue that the Agreed Order only extended the deadline for filing § 727 proceedings objecting to the entry of discharge for all debts and did not extend the deadline for filing § 523 proceedings objecting to the dischargeability of individual creditors' debts. The Vigils argue that the Agreed Order extended the deadline for both type of proceeding, including this § 523 proceeding.

The Vigils did not file a motion to extend their § 523 deadline before the original deadline expired. But the Court need not decide whether the Agreed Order applies to both § 523 and § 727 proceedings because only a "party in interest" may move for an extension of a § 523 deadline. The Chapter 7 trustee is not a party in interest with the legal right to bring a § 523 proceeding as she does not have standing

---

[1] All statutory references are to Title 11 of the United States Code (the "Bankruptcy Code") unless otherwise indicated. All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure.

Case 24-01028    Doc 34    Filed 05/04/26    Entered 05/04/26 15:25:21 Page 2 of 13

to move for an extension of the deadline. Since the Trustee solicited the extension for the Agreed Order, she could not have solicited extension of the deadline for the Vigils to file this § 523 proceeding. Therefore, the Court grants summary judgment in favor of Debtors and dismisses this proceeding as untimely filed.

I.      Undisputed Facts[2]

Debtors filed this bankruptcy case on September 23, 2023[3] under Chapter 13 of the Bankruptcy Code. On May 21, 2024, the case was converted to Chapter 7[4] and the Clerk of Court filed its *Notice of Chapter 7 Bankruptcy Case – No Proof of Claim Deadline*[5] which was served on all parties on May 23, 2024.[6] The Notice set the § 341 Creditors' Meeting for June 21, 2024 and stated that the deadline to "object to discharge or to challenge whether certain debts are dischargeable" was August 20, 2024.[7]

Chapter 7 Trustee Yvette J. Gonzales held and adjourned the Creditors' Meeting on June 21, 2024. On August 14, 2024, the Trustee held and again adjourned the Creditors' Meeting. At this meeting, the Trustee and the Debtors discussed

---

[2] The Court derives these facts from the Defendant's *Motion for Summary Judgment,* Doc. 28, the Plaintiffs' *Response in Opposition to Defendants' Motion for Summary Judgment,* Doc. 30, and the Defendant's *Reply in Further Support of Motion for Summary Judgment,* Doc. 31. The Court also takes judicial notice of its docket in this case. See *Gee v. Pacheco,* 627 F.3d 1178, 1191 (10th Cir. 2010) ("We take judicial notice of court records in the underlying proceedings."); *United States v. Ahidley,* 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) ("[W]e may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand.").

[3] BK Doc. 1. All references to "BK Doc." are to the documents filed of record in the main bankruptcy case, Case No. 23-10862. References to "Doc." are to the documents filed of record in this adversary proceeding, Adversary No. 24-1028.

[4] BK Doc. 104

[5] BK Doc. 105 (the "Notice")

[6] BK Doc. 106

[7] *See* Notice.

extension of the deadline to object to discharge until thirty days after conclusion of

the Creditors' Meeting, but the discussion was not recorded. On August 23, 2024, the

Trustee held and adjourned the Creditors' Meeting for a third time. At this meeting,

the Trustee said:

> … well I did not get this on the record last time, so I will ask you as we are face-to-face, Mr. and Mrs. Mirabal … because I am going to be adjourning this one more time, um, your meeting will not be concluded, and so what I want to do is when I hold this meeting, I want to just focus on that number and where that number comes from; we aren't going to go off into anything else … *But I want* 30 days from that testimony in order to object to *your discharge.* Will you agree to that? [emphasis added]

Trustee also said that following the Creditors' Meeting that day, she would submit

an order "that says creditors have 30 days from the adjournment of the creditor

meeting to object to the discharge." She again asked if she had their agreement and

both Debtors and their counsel said, "yes."

On September 13, 2024, the Court entered the *Stipulated Order Extending*

*Deadline to Object to Discharge* (the "Agreed Order").[8] The Agreed Order states in

full:

> This matter comes before the Court by the stipulation of the Debtors, by and through their attorney, Gerald R. Velarde, and the Chapter 7 Trustee. The Court is informed that for various reasons, the meeting of creditors has not yet been concluded. An adjourned meeting is scheduled for September 20, 2024. At the creditor meeting held on August 23, 2024, the debtors and their attorney confirmed on the record that the deadline for objecting to discharge would be extended for thirty (30) days after the conclusion of the meeting of creditors.

---

[8] BK Doc. 123

Case 24-01028   Doc 34   Filed 05/04/26   Entered 05/04/26 15:25:21 Page 4 of 13

IT IS THEREFORE ORDERED that the deadline to file objections to the discharge of the debtors is extended to thirty (30) days after the conclusion of the meeting of creditors.[9]

The Agreed Order shows that it was "[r]espectfully submitted by" the Trustee and shows the approval of both the Debtors' attorney and the Debtors themselves "verbally at meeting of creditors."

The Trustee held and concluded the Creditors' Meeting on September 23, 2024, at which the Trustee said, "okay, deadlines are running." On September 27, 2024, the Trustee entered a docket notice that she had held and concluded the meeting.[10]

II.  Procedural Posture

The Vigils filed their *Complaint to Determine Dischargeability of Debt: 11 U.S.C. § 523 (a)(2)(A)* on October 23, 2024 (the "Complaint").[11] The Complaint prays for a determination that excepts their debt from discharge under § 523(a)(2)(A).[12] Debtors answered the complaint, raising the affirmative defense that the statute of limitations under Bankruptcy Rule 4007(c)[13] and applicable bankruptcy law bar the Complaint.[14]

---

[9] BK Doc. 123
[10] BK Doc. 126
[11] Doc. 1
[12] 11 U.S.C. § 523(a)(2)(A) reads, in relevant part:
  (a)  A discharge under section 727 … of this title does not discharge an individual debtor from any debt—
    (2)  for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
      (A)  false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition[.]
[13] All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure.
[14] Doc. 25

In their *Defendants' Motion for Summary Judgment*,[15] Debtors argue for dismissal of this adversary proceeding because the Vigils filed the Complaint after August 20, 2024, which was the deadline to file § 523(a)(2) complaints under Bankruptcy Rule 4007(c). That rule required the Vigils to file a motion to extend the deadline with the Court before the deadline expired and they did not do so. Debtors argue that the Agreed Order did not extend the Vigils' deadline because it only extended the time to file proceedings to deny discharge under § 727, not proceedings under § 523.

The Vigils argue that the Agreed Order unambiguously extended their deadline to file this proceeding because it applied to all creditors and to both § 727 and § 523 proceedings. They did not miss the deadline because they filed the Complaint before the deadline contemplated by the Agreed Order expired. The Vigils argue that the Agreed Order does not specifically limit itself to § 727 proceedings and therefore, encompasses § 523 proceedings as well.

At a status conference held July 11, 2025, the parties agreed to deadlines for filing this Motion for Summary Judgment.[16] The Court took the motion under advisement.

III.     Jurisdiction and Standard for Summary Judgment

The Court has jurisdiction over this core adversary proceeding under 28 U.S.C. § 157(b)(2)(I).

---

[15] Doc. 28

[16] Plaintiffs appear by attorneys Gerald R. Velarde, Joseph Yar, and Scott Cargill of Velarde & Yar. Defendants appear by Shay Elizabeth Meagle of Business Law Southwest, LLC.

Under Fed. R. Civ. P. 56 a court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[17] When analyzing a summary judgment motion, the Court draws all reasonable inferences in favor of the non-moving party.[18] An issue is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."[19] "Material Facts" are those that are "essential to the proper disposition of [a] claim" under applicable law.[20]

The moving party bears the initial burden of demonstrating—by reference to pleadings, depositions, answers to interrogatories, admissions, or affidavits—the absence of genuine issues of material fact.[21] If the moving party meets its initial burden, the nonmoving party cannot prevail by relying solely on its pleadings.[22] "Rather, the nonmoving party must come forward with specific facts showing the presence of a genuine issue of material fact for trial and significant probative evidence supporting the allegation."[23]

Here, there is no genuine issue of material fact. The determination of whether the Vigils met the Bankruptcy Rule 4007 deadline to file § 523(a)(2) proceedings is not fact intensive. The parties do not dispute the calculation of the deadlines or the

---

[17] Bankruptcy Rule 7056 makes Fed. R. Civ. P. 56 applicable to this adversary proceeding.
[18] *Taylor v. Roswell Indep. Sch. Dist.,* 713 F.3d 25, 34 (10th Cir. 2013).
[19] *Thom v. Bristol-Myers Squibb Co.,* 353 F.3d 848, 851 (10th Cir. 2003) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[20] *Id.*
[21] *Celotex Corp v. Catrett,* 477 U.S. 317, 323 (1986).
[22] *United States v. Dawes,* 344 F. Supp. 2d 715, 717-18 (D. Kan. 2004) (citing *Anderson* 477 U.S. at 256.
[23] *Id.*

relevant dates. They dispute only the pure legal question of whether the Agreed Order extended the deadline or not. Summary Judgment is appropriate.

IV.     The Vigils missed the Bankruptcy Rule 4004(a)(1) and 4007(c) deadlines and did not request an extension.

Bankruptcy Rules 4004(a)(1)[24] and 4007(c)[25] require creditors to object to the discharge or dischargeability of certain debts no later than 60 days after the date first set for the § 341(a) meeting of creditors. These rules are strictly construed[26] and cannot be extended on the basis of excusable neglect[27] or sua sponte by the bankruptcy court.[28] Under Bankruptcy Rule 9006(b)(3)(A), a court may extend these

---

[24] **Bankruptcy Rule 4004. Granting or Denying a Discharge**
 **(a) Time to Object to a Discharge; Notice.**
  (1) *Chapter 7.* In a Chapter 7 case, a complaint—or a motion under § 727(a)(8) or (9)—objecting to a discharge must be filed within 60 days after the first date set for the § 341(a) meeting of creditors.
 **(b) Extending the Time to File an Objection.**
  (1) *Motion Before the Time Expires.* On a party in interest's motion and after notice and a hearing, the court may, for cause, extend the time to object to a discharge. The motion must be filed before the time has expired.

[25] **Bankruptcy Rule 4007. Determining Whether a Debt is Dischargeable**
 **(c) Chapter 7, 11, 12, or 13—Time to File a Complaint Under § 523(c); Notice of Time; Extension.** Except as (d) provides, a complaint to determine whether a debt is dischargeable under § 523(c) must be filed within 60 days after the first date set for the § 341(a) meeting of creditors. The clerk must give all creditors at least 30 days' notice of the time to file in the manner provided by Rule 2002. On a party in interest's motion filed before the time expires, the court may, after notice and a hearing and for cause, extend the time to file.

[26] *In re Themy*, 6 F.3d 688, *689 (10th Cir. 1993). *See also*, *Miller v. Rolston (In re Rolston)*, No. 07-1037, 2007 WL 2033990, *3 (Bankr. D. N.M. July 11, 2007) ("The deadlines imposed by Rule 4007(c) are extremely rigid.") (citing *Themy*); *State Bank of Southern Utah v. Beal (In re Beal)*, 616 B.R. 140, 152 (Bankr. D. Utah 2020) ("The Tenth Circuit has 'strictly construed' these deadlines.") (citing *Themy*).

[27] *In re Beal*, 616 B.R. at 152 ("Neither of those rules allows for extension on the basis of excusable neglect.") (citing *In re Tatum*, 60 B.R. 335, 337 (Bankr. D. Colo. 1986) and *In re Duncan*, 125 B.R. 247, 253 (Bankr. W.D. Mo. 1991))("For purposes of obtaining an extension of time to file a complaint objecting to discharge under § 727 or dischargeability under § 523 after the 60[-]day period in Rules 4004(a) and 4007[(c)] have run, the standard of excusable neglect no longer applies").

[28] *In re Themy*, 6 F.3d at 689 ("Together, [Rules 4004(a) and (b), 4007(c), and 9006(b)(3)] prohibit a court from sua sponte extending the time in which to file dischargeability complaints.") (citing *Anwiler v. Patchett (In re Anwiler),* 958 F.2d 925, 927 (9th Cir.), *cert denied*, 506 U.S. 882 (1992)).

deadlines "only as permitted by those rules."[29] The only extensions permitted by Bankruptcy Rules 4004(a)(1) and 4007(c) are those granted after notice and a hearing on a motion filed before the time has expired.[30]

The facts are not in dispute. The Debtors converted this case to Chapter 7 on May 21, 2024. The date first set for the § 341(a) meeting of creditors was June 21, 2024. Although the meeting was adjourned and reconvened several times, the deadline to dispute the discharge or dischargeability was sixty days after the date first set or August 20, 2024. The Vigils filed the complaint on October 23, 2024. They did not file the Complaint on or before the August 20 deadline. They did not file a motion to extend on or before the August 20 deadline. To prevail, the Vigils must have filed the Complaint under a valid extension of the deadline.

V.      The Agreed Order did not Extend the Vigils' Deadline

Bankruptcy Rule 4007(c) governs the extension of time to file a complaint to determine whether a debt is dischargeable under § 523(c). Only "a party in interest" may bring a motion for extension of the Bankruptcy Rule 4007(c) deadline.[31] Neither the Bankruptcy Code nor the 10th Circuit have defined "party in interest" in the specific context of this rule. However, in the 10th Circuit and "[i]n the federal courts it is held that the 'real party in interest' is the one who, under applicable substantive

---

[29] Bankruptcy Rule 9006(b)(3) reads:
   **Rule 9006. Computing and Extending Time; Motions**
     **(b) Extending Time.**
       **(3) *Extensions Governed by Other Rules.*** The court may extend the time to:
         (A) act under Rules … 4004(a) [or] 4007(c)…—but only as permitted by those rules.
[30] See Bankruptcy Rule 4004(b)(1) and Bankruptcy Rule 4007(c).
[31] Bankruptcy Rule 4007(c).

Case 24-01028   Doc 34   Filed 05/04/26   Entered 05/04/26 15:25:21 Page 9 of 13

law, has the legal right to bring the suit."[32] The applicable substantive law here is § 523(a)(2). Therefore, only a party who has a legal right to bring suit under § 523(a)(2) is a "party in interest" under Bankruptcy Rule 4007(c).

The basis upon which the Vigils allege an extension of their deadline to file this proceeding was the language in the Agreed Order that "the deadline to file objections to the discharge of the debtors is extended to thirty (30) days after the conclusion of the meeting of creditors."[33] Under the New Mexico Local Bankruptcy Rules, parties need not file a written motion if all parties who would otherwise be entitled to notice and a hearing have agreed to the order submitted for entry.[34] For a motion for an extension of the deadline to file a § 523(a)(2), (4), or (6) proceeding, parties entitled to notice and a hearing include the Debtors and the Creditor for whom the extension is granted. Neither the Vigils nor their attorney are signatories to the order and did not submit it for consideration. Rather, the Agreed Order was submitted on the Chapter 7 Trustee's solicitation and approved only by the Debtors and their attorney.

---

[32] *Coe v. U.S. Dist. Ct. for Dist. of Colorado,* 676 F.2d 411, 415 (10th Cir. 1982) citing *Boeing Airplane Co. v. Perry,* 322 F.2d 589 (10th Cir. 1963), cert. denied, 375 U.S. 984 (1964). See also, *In re Comcoach Corp.,* 698 F.2d 571, 573 (2nd Cir. 1983) ("Generally, the 'real party in interest' is the one who, under the applicable substantive law, has the legal right which is sought to be enforced or is the party entitled to bring suit.").

[33] Agreed Order, p. 1.

[34] See NM LBR 9013-1(c) which reads in full:
  9013-1 Motion Practice in Contested Matters-General.
    (c) <u>Unopposed Motions</u>. Except as otherwise provided in LBR 901392(c)(vi), an agreed order approved by all parties who would otherwise be entitled to notice of the motion may be submitted to the court without filing the motion unless the motion requires payment of a fee.

Under Bankruptcy Rule 4007(a), only "[a] debtor or any creditor may file a complaint to obtain a determination of the dischargeability of any debt."[35] Indeed, under § 523(c)(1) only a creditor may bring a request for a dischargeability determination for debts specified in § 523(a), subsections (2), (4), and (6).[36] The requesting party must be a creditor with a debt specified under § 523(a)(2), (4), or (6).The Chapter 7 Trustee is not a creditor and, therefore, does not have standing to bring a § 523(a)(2) action. Because she does not have a legal right to bring such a suit, she is not a "party in interest" under Bankruptcy Rule 4007(c) and does not have standing to request an extension of the deadline to file such a proceeding on her own behalf or on any other party's behalf. The Trustee could not have moved for or submitted an order extending the deadline for § 523(a)(2) proceedings and therefore, the Agreed Order cannot have extended it.

In support of this position, the Court is persuaded by the 4th Circuit's reasoning in *In re Farmer* that "the rules supplement specific statutes and the inquiry must look to the statutes themselves and not merely the rules."[37] Bankruptcy Rule 4004(b) governs the deadline to object to § 727 proceedings objecting to entry of the discharge. There, "a party in interest" necessarily includes the trustee, as she has a

---

[35] Bankruptcy Rule 4007(a) reads:
    **Rule 4007. Determining Whether a Debt is Dischargeable**
       (b) **Persons entitled to file complaint.** A debtor or any creditor may file a complaint to obtain a determination of the dischargeability of any debt.

[36] 11 U.S.C. § 523(c)(1) reads:
  (c)(1) Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the *creditor* to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section. [emphasis added]

[37] *In re Farmer,* 786 F.2d 618, 620 (4th Cir. 1986).

Case 24-01028   Doc 34   Filed 05/04/26   Entered 05/04/26 15:25:21   Page 11 of 13

legal right to bring a § 727 proceeding. Indeed, § 727(c)(2) specifically authorizes the trustee to bring such proceedings. Here, the Court is persuaded that the Trustee likely sought a § 727 extension when she said, "I want 30 days from that testimony in order to object to your discharge. Will you agree to that?" But § 523(c) specifically authorizes only creditors to bring § 523(a)(2), (4), or (6) proceedings and there is no evidence suggesting that even if she had had authority, the Trustee sought to extend the deadline for these proceedings. However, the question of what the Trustee intended is irrelevant. The underlying substantive law determines what "interest" is referred to when determining "a party in interest" under the Bankruptcy Rules. The Court need not look to other definitions in the Code or apply an expansive blanket definition to all uses of the term.

The Court is aware of cases at odds with this interpretation.[38] In *In re Oliva,* the court found that the trustee has standing to extend the § 523 deadline because "a party in interest" expansively includes anyone who has an interest in the debtor's assets and creditors.[39] However, that definition is based on the definition of a "party in interest" found only in the context of § 1109(b) and in Chapter 11 cases.[40] There, § 1109(b) itself defines who is "a party in interest" and applies the definition specifically to the substantive law of Chapter 11 only.[41] While that definition includes

---

[38] *See In re Oliva,* 591 B.R. 328, 334 (Bankr. N.D. Ill. 2019), citing *In re C.P. Hall Co.,* 750 F.3d 659, 661 (7th Cir. 2014); *In re Brady,* 101 F.3d 1165 (6th Cir. 1996).

[39] *In re Oliva,* 591 B.R. at 334.

[40] *In re C.P. Hall Co.,* 750 F.3d at 661.

[41] 11 U.S.C. § 1109(b) reads:

(c) A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter.

Case 24-01028    Doc 34    Filed 05/04/26    Entered 05/04/26 15:25:21 Page 12 of 13

the trustee, it is clear that it is a Chapter 11 trustee only. Blindly applying the definition of "a party in interest" from one code section or rule to another without reference to the underlying substantive law would easily grant or deny parties' rights arbitrarily and it is inappropriate here.

### Conclusion and Order

The Vigils missed the strict deadline to file this § 523 proceeding. They did not seek an extension and the Trustee did not have standing to request an extension on their behalf.

WHEREFORE, THE COURT grants summary judgment in favor of Defendants and dismisses this proceeding with prejudice.

It is so ordered.

*###*